# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cr-80230-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STANLEY P. PHILLIPS,

    Defendant.
_____/

## ORDER ON MOTION FOR JUDICIAL RECOMMENDATION CONCERNING RESIDENTIAL RE-ENTRY CENTER PLACEMENT

**THIS CAUSE** is before the Court upon Defendant Stanley P. Phillips' ("Defendant") Motion Requesting a Judicial Recommendation Concerning Length of Residential Re-entry Center Placement Pursuant to the Second Chance Act of 2007. ECF No. [170] ("Motion"). The United States of America ("Government") filed its Response in opposition to Defendant's Motion, ECF No. [172] ("Response"), to which Defendant replied, ECF No. [173] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in the case, and is otherwise fully advised. For the reasons discussed below, the Defendant's Motion is granted and the Court recommends that the Bureau of Prisons place Defendant in an appropriate Residential Re-entry Center ("RRC") upon eligibility.

### I.    BACKGROUND

Defendant was tried and found guilty of eight counts of wire fraud in violation of 18 U.S.C. § 1343. The Defendant was sentenced by this Court on February 20, 2015, to a term of 108 months imprisonment, followed by a term of three years of supervised release. *See* ECF No. [115]. Defendant is currently serving his sentence at a minimum-security prison in Yazoo City,

Mississippi, and is scheduled for release on October 5, 2022. Based on his behavior while in custody and his extensive rehabilitative efforts to prepare for his transition back into civilian life, Defendant now submits the instant Motion urging the Court to recommend that the Bureau of Prisons ("BOP") afford him maximum RRC or Halfway House (collectively, "RRC") placement for the twelve months prior to the end of his sentence. ECF No. [170] at 1-6.

## II.  LEGAL STANDARD

The BOP is uniquely charged with designating "the place of a prisoner's imprisonment." 18 U.S.C. § 3621(b). Under the Second Chance Act, codified in 18 U.S.C. § 3624(c):

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*; 28 C.F.R. §570.20(a) ("Community confinement is defined as residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community correctional facility (including residential re-entry centers); and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours."). As such, § 3624(c) directs that the BOP place a prisoner preparing to re-enter civilian life in a RRC, based on an individualized determination, in order "to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6); *see also United States v. Kuba*, No. 06-20114-CR, 2018 WL 7357403, at *1 (S.D. Fla. Sept. 13, 2018).

> Pursuant to the Act, BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider inmates on an individual basis using the following five factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or

> recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission.

*United States v. Hill*, No. 06-0286-CG-C, 2019 WL 3337904, at *1 (S.D. Ala. July 25, 2019) (citing 18 U.S.C. § 3621(b)(1)-(5)).

"It is within the discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." *Bromfield v. Dobbs*, No. 18-CV-22618, 2019 WL 404048, at *5 (S.D. Fla. Jan. 16, 2019), *report and recommendation adopted*, No. 18-22618-CIV, 2019 WL 399899 (S.D. Fla. Jan. 31, 2019) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (4th Cir. 2005)); *see also id.* (noting that § 3624(c) "does not guarantee a one-year RRC placement" (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009))). While the Court may make a recommendation as to the appropriate correctional facility, "a district court's recommendation to the [BOP] is just that — a recommendation." *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011). A request by a sentencing court "shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

## III. DISCUSSION

The Government opposes the Motion, arguing that Defendant's request is procedurally defective because he has not exhausted his administrative remedies prior to filing this Motion, and that the Defendant's request for RRC placement is premature. ECF No. [172]. The Court disagrees with the Government on both arguments.

Pursuant to § 3621 (b)(4)(B), the BOP is required to consider the Court's non-binding recommendation in determining an inmate's placement at any available penal or correctional facility. *See* 18 U.S.C. § 3621(b)(4)(B) ("The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering . . .

any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate."). Further, because this Court sentenced Defendant, it may issue a recommendation as to the appropriate correctional facility for Defendant upon request. *Id.*; *see also Hill*, 2019 WL 3337904, at *1. The explicit language of this provision indicates that any judicial recommendation must be provided *before* the BOP makes its placement decision, as this recommendation should be considered as part of the individualized determination of an inmate's ultimate placement. *Id.* Rather than a motion for relief after an erroneous administrative decision, as asserted by the Government, Defendant's Motion here is simply a request for the Court to submit a recommendation on his behalf that the BOP will consider in assessing his placement in an RRC. Courts have, on occasion, made such recommendations after sentencing. *See United States v. Mighty*, No. 18-CR-60145, 2019 WL 2373344, at *1 (S.D. Fla. June 5, 2019); *United States v. Nelson*, No. 11-0152-6-CG-C, 2019 WL 1330919, at *1 (S.D. Ala. Mar. 25, 2019); *cf. Hill*, 2019 WL 3337904, at *1 ("BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider inmates on an individual basis."); *United States v. Dotson*, No. 14-0218-CG-B, 2019 WL 1650079, at *1 (S.D. Ala. Apr. 17, 2019) (same).

Turning to the arguments in the Motion, the Court acknowledges that Defendant has taken substantial steps toward his personal rehabilitation. ECF No. [170] at 1-6. Specifically, he expresses remorse for his actions and accepts responsibility for his crimes. *Id.* at 2. Defendant further explains that he has exhibited exemplary behavior with no disciplinary issues during his incarceration. *Id.* at 1. He has maintained employment at his institutional job assignment in the food service department and has consistently received positive job reviews and maintained a good rapport with prison administration. *Id.* at 1; ECF No. [173] at 2.

Moreover, in preparation for his re-entry into society, Defendant has participated in, and successfully completed, numerous educational courses, rehabilitative seminars, and release preparation programs while in custody. ECF No. [170] at 1. These courses and programs include Economics, Legal Research, Marketing, Basic Carpentry Helper, Business Finance, Consumer Credit, Money Smart, Information Job Fair, Financial Seminar, Kollel Maharam M'Rotenburg, Job Interview, Job Applications, Victim Impact, Entrepreneur Opportunity, Checking and Savings, Home Ownership, Geography, and Business Planning. *Id.* at 1, 4-6. Defendant also attended a re-entry seminar hosted by the United States Attorney's Office for the Southern District of Mississippi. *Id.* at 1, 36. Further, he has attended Narcotics Anonymous and Alcoholics Anonymous every Thursday night. *Id.* at 1. Finally, Defendant has participated in the Release Orientation Program that discusses topics such as transitioning into the community, adjusting attitudes, reintegrating with family, managing finances, and applying for jobs. *Id.*

Defendant asserts that he requires this additional time in an RRC in order to rebuild and adjust to non-custodial life, obtain gainful employment to begin making meaningful restitution payments, and successfully re-enter society. *Id.*; ECF No. [173] at 2. Defendant contends that he is not a danger to the community, as evidenced by his current incarceration in a minimum-security prison and his lack of prior convictions for crimes of violence. ECF No. [170] at 2. The Government does not appear to object to these assertions. *See* ECF No. [172]. Defendant's significant and notable efforts to prepare for his transition back into civilian life warrant this Court's recommendation that he be released to an RRC for the maximum time allowable. *See Nelson*, 2019 WL 1330919, at *1 (finding that similar rehabilitative efforts warranted judicial recommendation). Accordingly, the Court grants the Defendant's Motion and recommends that he

be placed in an RRC facility upon his eligibility so that he may have the most time possible to re-adjust to civilian society.

## IV. CONCLUSION

The Court commends the Defendant for the efforts he has taken toward his self-improvement. Accordingly, as discussed above, the Court **RECOMMENDS** that the Bureau of Prisons place Defendant in an appropriate RRC upon his eligibility so that he may have sufficient time to adjust to his re-entry into the community.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Bureau of Prisons

Stanley P. Phillips
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194