# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cr-80230-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STANLEY P. PHILLIPS,

    Defendant.
_____/

## ORDER ON MOTION REQUESTING A JUDICIAL RECOMMENDATION CONCERNING HOME CONFINEMENT PURSUANT TO THE FIRST STEP ACT

**THIS CAUSE** is before the Court upon Defendant Stanley P. Phillips' ("Defendant") Motion Requesting a Judicial Recommendation Concerning Home Confinement Pursuant to the First Step Act, ECF No. [176] ("Motion"). The Court has reviewed the Motion and all related submissions, the record in the case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Defendant's Motion is denied.

### I. BACKGROUND

Defendant was tried and found guilty of eight counts of wire fraud, in violation of 18 U.S.C. § 1343, and was sentenced by this Court on February 20, 2015, to a term of 108 months imprisonment, followed by a term of three years of supervised release. *See* ECF No. [115]. Defendant is currently serving his sentence at a minimum-security prison in Montgomery, Alabama, and is scheduled for release on October 5, 2022. Based on his behavior while in custody and his extensive rehabilitative efforts to prepare for his transition back into civilian life, Defendant previously moved for this Court to recommend his placement in a Residential Reentry Center ("RRC") or Halfway House for the twelve months prior to the end of his sentence, ECF No. [170],

which the Court granted and recommended, ECF No. [174]. Defendant now files the instant Motion, urging the Court to recommend that the Bureau of Prisons ("BOP") afford him maximum placement in Home Confinement, as opposed to the RRC or Halfway House placement, for the twelve months prior to the end of his sentence.

The BOP is uniquely charged with designating "the place of a prisoner's imprisonment." 18 U.S.C. § 3621(b). Under the Second Chance Act, codified in 18 U.S.C. § 3624(c):

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.* While the Court may make a recommendation as to the appropriate correctional facility, "a district court's recommendation to the [BOP] is just that — a recommendation." *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011). A recommendation by a sentencing court "shall have no binding effect on the authority of the [BOP] . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

Here, because the Court granted Defendant's previous motion and recommended to the BOP that Defendant be placed in a RRC facility upon his eligibility, it construes the instant Motion as a motion for reconsideration of the Court's prior order recommending RRC placement. However, Defendant has not provided the Court with any explanation or justification for his change in position. Thus, the Court declines to recommend any placement beyond that which it previously recommended. *See* ECF No. [174].

Moreover, the Court reemphasizes that "it is within BOP's discretion to determine if and when [a] [d]efendant [] qualifies for prerelease custody in home confinement. The decision whether to place a prisoner in home confinement is **solely** within the discretion of the BOP and the Attorney General." *United States v. Caiado*, No. 8:17-CR-561-T-17TGW, 2019 WL 5653810,

at *2 (M.D. Fla. Oct. 31, 2019) (citing *Jones v. Woods*, 2019 WL 2754731 (M.D. Ala. June 4, 2019)). With regard to the request for a recommendation for placement in home confinement in the instant case, Defendant may submit a request for such placement to the BOP, and the Court "will leave the decision about Defendant's eligibility up to the [BOP], which will be in the best position to determine whether Defendant's adjustment . . . demonstrates his suitability for home confinement." *United States v. Hall*, No. 2:17-CR-20331-TGB, 2019 WL 3334564, at *2 (E.D. Mich. July 25, 2019). Defendant's Motion is therefore denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [176]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Bureau of Prisons

Stanley P. Phillips
69393-054
Montgomery Federal Prison Camp
Inmate Mail/Parcels
Maxwell Air Force Base
Montgomery, AL 36112